CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARL HAMMONDS, | |
| Petitioner, | Case No. 7:09CV00365 |
| v. | MEMORANDUM OPINION |
| GENE JOHNSON, DIRECTOR, | By: Glen E. Conrad |
| Respondent. | United States District Judge |

Petitioner Earl Hammonds, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Hammonds challenges the validity of his confinement pursuant to the 2004 judgment of the Circuit Court for the City of Chesapeake under which he stands convicted of robbery and use of a firearm. Respondent filed a motion to dismiss on procedural default grounds, and Hammonds responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be denied. The court will refer the matter to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), for preparation of a report and recommendation regarding the merits of Hammonds' claims.

## I. Background

Facing two charges in the Circuit Court for the City of Chesapeake, Hammonds pleaded guilty to robbery and not guilty to use of a firearm.[1] Ultimately, he was convicted on both charges in November 2003 and was sentenced on February 24, 2004 to twenty years imprisonment for robbery, with eleven years suspended (Case No. CR03003931-00) and to three years for use of a firearm (Case No.CR03003932-00). Final judgment was entered on March 19, 2004. Hammonds did not appeal.

---

[1] As neither party has provided the court with the complete trial court records in this case, the court relies on petitioner's allegations and exhibits in describing the relevant proceedings.

While Hammonds was awaiting sentencing in Case Nos. 03-3931 and 03-3932 (Robbery I), he was convicted in the Circuit Court for the City of Chesapeake on a second set of charges: robbery and use of a firearm (Robbery II). (Case Nos. CR03004375-00 and CR3004376-00.) Hammonds contends that in calculating the discretionary sentencing guideline range for the Robbery I offenses, the Court expressly considered the Robbery II offenses as prior convictions; as a result, Hammonds allegedly qualified as a repeat offender and had a higher sentencing range under the guidelines. The presentence report indicates that the active sentence of twelve years in prison on Robbery I was at the bottom of the guideline range. Hammonds alleges that in imposing sentence, the Court referred to the fact that the sentence was "at the very lowest end of the guidelines."

The Court sentenced Hammonds on the Robbery II offenses in December 2004. Hammonds contends that he diligently pursued challenges of these convictions, first by filing a motion to set aside the verdicts and then by filing a notice of appeal. He later withdrew the appeal, based on the advice of counsel, because trial counsel had not preserved certain issues for appeal. In January 2006, Hammonds filed a petition for a writ of habeas corpus in the Circuit Court, arguing that counsel had provided ineffective assistance during the Robbery II trial proceedings. (Case No. CL06000172-00.) By order dated April 17, 2008, the Court granted the writ, vacated the convictions, and ordered that a new trial be held on these matters. (Pet. Ex. H.) The Commonwealth appealed this judgment, seeking reinstatement of the convictions. (Record No. 080928.). By order dated September 25, 2008, however, the Supreme Court of Virginia refused the petition for appeal upon finding no reversible error. (Pet. Ex. B.)

Hammonds then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on February 24, 2009, arguing that the sentence imposed on February 24, 2004 on the Robbery I offenses was unlawful because it was based, in part, on the now-vacated Robbery II convictions. (Record No. 090406.) By order dated April 23, 2009, the Supreme Court of Virginia summarily dismissed the petition as procedurally defaulted under Virginia Code Ann.

§ 8.01-654(B)(2) (barring successive petitions) and § 8.01-654(A)(2) (setting a statute of limitations for filing habeas petitions). (Pet. Ex. A.) It is undisputed that Hammonds had not previously filed a habeas petition related to these convictions.

In August 2009, Hammonds filed his habeas petition in this court, raising one claim: that his sentence for the Robbery I offenses is unlawful because the court relied on the now-vacated Robbery II convictions to enhance his punishment range under the discretionary guidelines.

## II. Discussion

The respondent argues that this court is barred from review of the merits of Hammonds' claim, based on the Supreme Court of Virginia's findings of procedural default, or in the alternative, that the claim fails to state any ground for federal habeas relief, as it concerns a matter of state law regarding criminal sentencing.[2] Hammonds attempts to assert cause for his procedural defaults and argues that his sentence is unconstitutional.

### A. Procedural Default

When the state court has expressly relied on an independent and adequate state procedural ground in dismissing a constitutional claim, whether on direct appeal or in habeas proceedings, federal habeas review of the claim is also barred, absent a showing of cause and prejudice or actual innocence. See Harris v. Reed, 489 U.S. 255, 262 (1989). Such a rule is adequate if it is regularly or consistently applied by the state court, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is independent if it does not "depend[ ] on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985). To show cause to excuse a default, petitioner must demonstrate that some force outside himself impeded his efforts to comply with the state court's procedural rule. Murray v. Carrier, 477 U.S. 478, 487-88 (1986). A showing "that the factual

---

[2] Although Hammonds' federal petition was filed more than five years after his conviction became final, the respondent does not argue that the petition is untimely under 28 U.S.C. § 2244(d)(1). In any event, Hammonds filed the federal petition within one year of September 25, 2008, the date on which he discovered the factual predicate of his current claim—that the Robbery II convictions vacated by the Circuit Court would not be reinstated by the Supreme Court of Virginia. Accordingly, his § 2254 petition appears to be timely under § 2244(d)(1)(D).

basis for the claim was unavailable to him" earlier can also serve as cause to excuse his failure to raise the claim earlier. See Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001).

### 1. The Successive Petitions Bar

As the first ground for dismissing Hammonds' state habeas petition, the Supreme Court of Virginia cited § 8.01-654(B)(2). This section provides that habeas relief may not be "granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Counsel for the respondent states that she is not aware of any prior habeas petition that Hammonds filed concerning the Robbery I offenses so as to make Record No. 090406 a successive petition under § 8.01-654(B)(2). Nevertheless, the respondent argues, this court is bound by the procedural default finding because § 8.01-654(B)(2) has been recognized as an independent and adequate state law ground that can bar federal habeas review. See, e.g., Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000) ("Under federal habeas law, [a federal habeas court is] not at liberty to question a state court's application of a state procedural rule because a state court's express finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground."); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997) (applying § 8.01-654(B)(2) as independent and adequate state law ground barring federal habeas review).

Even assuming without finding that a clearly erroneous finding of default by the Supreme Court of Virginia bars federal habeas review, Hammonds has shown cause for his failure to comply with § 8.01-654(B)(2). The undisputed record indicates that he could not have filed his current claim in his earlier state habeas petition because no such earlier state petition existed.[3]

---

[3] The respondent argues that because Hammonds could have filed a petition for rehearing to correct the Supreme Court of Virginia's erroneous application of § 8.01-654(B)(2), he cannot offer the nonexistence of any previous habeas action as cause. Since the Supreme Court of Virginia had also ruled, correctly, that Hammonds' petition was procedurally barred as untimely under § 8.01-654(A)(2), a petition for rehearing on the successive petition ruling would not have achieved habeas consideration of the merits of Hammonds' claims. Accordingly, the court cannot find that Hammonds' failure to seek correction of the successive petitions ruling bars review of his claim in this court.

- 4 -

## 2. The Statute of Limitations

The respondent also argues that Hammonds is procedurally barred from federal habeas review of his claim, based on the Supreme Court of Virginia's application of § 8.01-654(A)(2) as grounds for dismissal of his state habeas petition. This section requires that a habeas petition be filed within two years from entry of the judgment. Id. Unlike 28 U.S.C. § 2244(d)(1), the federal statute of limitations for filing a § 2254 petition, § 8.01-654(A)(2) does not include an exception allowing calculation of the limitation period from the date when new facts necessary to the claim were first discoverable with due diligence.

Hammonds did not file his state habeas petition until February 24, 2009, more than two years after the judgment on the Robbery I offenses was entered on March 19, 2004. Thus, his claim is defaulted under § 8.02-654(A)(2). Hammonds fails to demonstrate that the statute of limitations in § 8.01-654(A)(2) is not an independent and adequate state ground barring federal habeas review. He does, however, demonstrate cause to excuse his failure to comply with the state limitation period. He could not have brought a claim that the sentence on the Robbery I offenses was invalid until the Supreme Court of Virginia decided that the Robbery II convictions, vacated by the Circuit Court, would not be reinstated. Moreover, his allegations indicate that he diligently pursued his challenge to the validity of the Robbery II convictions. After his December 2004 sentencing on these offenses, he pursued an appeal and post trial motion, followed by a habeas petition in January 2006. (Case No. CL06-172.) This habeas petition pended in the Circuit Court for more than two years. Thus, even if Hammonds had filed it sooner than he did, the final ruling necessary to his habeas challenge to the Robbery I sentence would still have fallen outside the state limitation period. Because the factual basis of his claim was not available to him, with due diligence, in time to file a timely state habeas petition, Hammonds has shown cause for his default under § 8.01-654(A)(2). Mickens, 240 F.3d at 356.

### 3. Actual Prejudice

Circumventing the state court's procedural default findings requires not only a showing of cause for the default, but also a showing of actual prejudice. Harris, 489 U.S. at 262. Specifically, "a petition must show that [the alleged] error created more than the 'possibility of prejudice' but instead that it 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Hammonds has alleged facts which satisfy this burden.

A criminal defendant "clearly has a right not to be sentenced on the basis of "misinformation of a constitutional magnitude." United States v. Bowman, 926 F.2d 380, 382 (4th Cir. 1991) (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)). "This right is protected by the requirement that the defendant be given adequate notice of and an opportunity to rebut or explain information that is used against him." Id. (internal quotations omitted). In Tucker, the defendant proved that after his federal sentence was enhanced based on prior state court convictions, those convictions were vacated after the court found that they were unconstitutionally obtained; as such, the United States Supreme Court ruled, Tucker should be resentenced without consideration of the vacated convictions. 404 U.S. at 445. Specifically, the Court found that the defendant in the Tucker case was entitled to relief because he had been "sentenced on the basis of assumptions concerning his criminal record which were materially untrue" Id. at 447 (quoting Townsend v. Burke, 334 U.S. 736, 741 (1948)). If the sentencing judge had been "aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding" and the sentence might have been different. Id. at 448. See also Green v. Johnson, Action No. 2:08cv506, 2009 WL 2225483 (E.D. Va. June 29, 2009) (report and recommendation in § 2254 case, applying Tucker to recommend finding that "if the court considered an unconstitutional conviction while sentencing [on other offenses], then

due process requires a new sentencing hearing . . . ."; adopted without objection by district court judge by order entered July 21, 2009).

As stated, Hammonds alleges that the Circuit Court judge expressly relied on a sentencing guideline range that was higher because of two since-invalidated prior convictions. A sentenced based on unconstitutionally obtained prior convictions implicates due process and must be corrected. Tucker, 404 U.S. at 445. Thus, the court concludes that Hammonds has alleged facts demonstrating actual prejudice. As he has shown cause and actual prejudice so as to fall within this exception to the procedural default doctrine, the motion to dismiss on procedural default grounds must be denied.

## B. Not Ripe for Habeas Review of the Merits

As an alternative ground for dismissal of Hammonds' petition, the respondent argues that his claim is a state law matter, regarding application of Virginia's discretionary sentencing guidelines, and is not cognizable under § 2254. In support of this argument, the respondent points to the fact that the Virginia sentencing guidelines are discretionary, that failure to comply with the guidelines does not constitute grounds for habeas relief, and that Hammonds' sentence is well within the statutory penalty range for his offense. Va Code Ann. § 19.2-298.01; § 18.2-58 (setting punishment range for robbery of five years to life in prison).

The respondent does not provide the court with the Circuit Court record of Hammonds' trial proceedings in support of this defense, however. Moreover, in reaching the decision to grant habeas relief in Tucker, the Court expressly rejected government arguments that the sentence was not reviewable because it was within statutory limits and did not constitute any abuse of judicial discretion within those limits. Id. at 446-47. The respondent does not discuss the application of Tucker and its progeny to the facts of Hammonds' case. Accordingly, the court finds that the matter is not ripe for consideration of the merits of Hammonds' claims and will deny the motion to dismiss.

## III. Conclusion

For the stated reasons, the court concludes that the motion to dismiss must be denied and will refer the matter to the United States Magistrate Judge. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 15th day of December, 2009.

*[signature]*
United States District Judge