# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EARL HAMMONDS,** | )<br>)<br>) |
| Petitioner, | ) Case No. 7:09CV00365<br>) |
| v. | )<br>) |
| | ) **REPORT AND**<br>) **RECOMMENDATION** |
| **GENE JOHNSON, DIRECTOR,** | )<br>) **By: Michael F. Urbanski** |
| Respondent. | ) **United States Magistrate Judge**<br>) |

Petitioner Earl Hammonds, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Hammonds argues that his 2004 sentence for robbery and use of a firearm should be revisited because the sentencing judge relied on two prior convictions that were later vacated. After the denying the respondent's motion to dismiss on procedural default grounds, the Hon. Glen E. Conrad, United States District Judge, referred the matter to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for preparation of a report and recommendation regarding appropriate resolution of Hammonds' claims.

## I. Background

On November 14, 2003, Hammonds was convicted in the Circuit Court for the City of Chesapeake on charges of robbery and use of a firearm in committing a felony (Case Nos. CR03003931-00 and.CR03003932-00) (Robbery I). While Hammonds was awaiting sentencing on the Robbery I offenses, in January 2004, he was tried in the same court before a jury on a second set of charges and convicted of robbery and use of a firearm (Case Nos. CR03004375-00 and CR3004376-00) (Robbery II). Sentencing on the Robbery II offenses was scheduled for April 22, 2004.

In the meantime, on February 24, 2004, Hammonds came before the Court for sentencing on the Robbery I offenses. The Court sentenced Hammonds to twenty years for the robbery and to three years for the use of a firearm in the commission of a felony, for a total sentence of twenty-three

years, but with eleven years of the robbery sentence indefinitely suspended on the condition of good behavior after release. Hammonds did not appeal.

The Court sentenced Hammonds on the Robbery II offenses in December 2004. After abandoning an appeal in February 2005, Hammonds filed a timely petition for a writ of habeas corpus in the Circuit Court in January 2006, challenging the Robbery II convictions on ineffective assistance grounds. (Case No. CL06000172-00.) By order dated April 17, 2008, the Court granted the writ, vacated the convictions, and ordered that a new trial be held on these matters. The Commonwealth appealed this judgment to the Supreme Court of Virginia, seeking reinstatement of the convictions. (Record No. 080928.). By order dated September 25, 2008, the Supreme Court of Virginia refused the petition for appeal upon finding no reversible error.

Hammonds then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on February 24, 2009, arguing that the sentence imposed on February 24, 2004 on the Robbery I offenses was unlawful, because it was based, in part, on the now-vacated Robbery II convictions. (Record No. 090406.) By order dated April 23, 2009, the Supreme Court of Virginia summarily dismissed the petition as procedurally defaulted under Virginia Code Ann. § 8.01-654(B)(2) (barring successive petitions)[1] and § 8.01-654(A)(2) (setting a statute of limitations for filing habeas petitions).

In his federal habeas petition, Hammonds raised one claim: that his sentence for the Robbery I offenses is unlawful because the court relied on the now-vacated Robbery II convictions to enhance his punishment. The respondent filed a motion to dismiss on procedural default grounds. By memorandum opinion and order entered December 15, 2009, the Hon. Glen E. Conrad, United States District Judge, denied the motion to dismiss. Judge Conrad found that Hammonds had shown cause for the procedural defaults cited as grounds for the Supreme Court of Virginia's summary dismissal of his habeas claim and actual prejudice, thus allowing this court to consider his claim. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Judge Conrad ruled, however, that the case

---

[1] It is undisputed that Hammonds had not previously filed a habeas petition related to these convictions.

was not ripe for consideration of the merits of Hammonds' claim and referred the matter to the undersigned pursuant to § 636(b)(1)(b).

## II. Findings of Fact and Conclusions of Law

The record now before the court includes the state court records from the Circuit Court for the City of Chesapeake and the Supreme Court of Virginia, the transcript of the February 24, 2004 sentencing hearing on the Robbery I offenses, and additional briefs from each of the parties on the remaining issues.[2] The undersigned herein sets forth (A) findings of fact as to the relationship of the Robbery II convictions to the sentencing hearing on the Robbery I offenses, (B) conclusions of law regarding (1) the merits of Hammonds' <u>habeas</u> claim itself, (2) the respondent's state law arguments, and (3) the respondent's procedural default argument.

### A. Findings of Fact

The sentencing materials prepared by the probation officer and provided to the sentencing judge on the Robbery I convictions mentioned the Robbery II convictions in several places. On Page 4 of the Presentence Investigation Report ("PIR"), under "Most Recent and Serious Prior Criminal Adult Convictions," the first prior conviction listed is for "Robbery/Street with use of gun or simulated gun." At the bottom of that page, under "Narrative of Adult Criminal History Summary," the PIR stated: "On December 18, 2003, Hammonds was found guilty of Robbery and Use of a Firearm in a jury trial. he is scheduled to be sentenced April 22, 2004 in Chesapeake Circuit Court." The "Criminal History Attachment" at the end of the PIR included the Robbery II convictions, noting that sentencing had not yet occurred.

The probation officer also prepared worksheets under Virginia's discretionary sentencing guidelines and calculated a final recommended sentencing range of twelve to eighteen years of incarceration, with a range midpoint of sixteen years. In their supplemental briefs, the parties agree

---

[2] The undersigned directed the respondent and petitioner to submit additional briefs addressing procedural default, actual innocence as a defense to procedural default, calculation of the sentencing guideline range in petitioner's case, and appropriate disposition of petitioner's claim. Both parties filed additional briefs on these issues. As petitioner makes it clear in his brief that he does not agree with the respondent's position and that he desires to continue prosecution of this case, the court's order (Dkt. No. 26) directing him to respond to the arguments in the respondent's additional brief will be vacated by separate order.

- 3 -

that the probation officer included the Robbery II convictions in making the guidelines calculations for the Robbery I sentencing proceeding, and that without consideration of these convictions, the recommended sentencing range would have been lower. Specifically, the respondent states that inclusion of the now-vacated Robbery II offenses in the guidelines calculations "certainly increased" the recommended sentencing range under the guidelines, "perhaps by two to four years" of imprisonment. (Resp. Add'l Brief 7.) Hammonds asserts that if the vacated Robbery II convictions had not been considered in the guidelines calculations, his recommended sentencing range would have been two years and ten months to five years and six months of incarceration.[3] (Pet. Add'l Brief 8-9.)

Although the transcript of the sentencing hearing on February 24, 2004 has never been filed in the state court record, it is now part of the record in this federal habeas case.[4] (DE 22.) After hearing testimony from family members and evidence and argument about Hammonds' juvenile and adult arrest and conviction record, the judge stated:

> Mr. Hammonds, having considered the testimony offered here today as well as the presentence report, the guidelines, and the recommendations of the lawyers, I am about to pronounce sentence. Is there anything you would like to say or any reason you can give why sentence should not now be pronounced?

(Id. 13.) Mr. Hammonds answered, "I would just like to tell you I am sorry for what I did." (Id.) The judge then pronounced the sentence as follows:

> On the robbery charge, Mr. Hammonds, I sentence you to 20 years in the Virginia State Penitentiary. I'll suspend 11 of those years conditioned upon your being placed on supervised probation for an indeterminate period of time upon your

---

[3] The sentencing guidelines worksheets prepared by the probation officer under Virginia's discretionary sentencing guidelines, by their nature, do not indicate which prior convictions generated assignment of specific points the defendant received under the guidelines. Hammonds states that the Robbery II convictions caused him to receive additional points in various sections of the sentencing guideline worksheets used by the probation officer to calculate the recommended guidelines sentencing range: one point under "additional offenses," eleven points under "prior convictions/adjudications," and seven points for "prior felony convictions/adjudications." (DE 25 at 8-9.) Other than the instant offenses, the Robbery II offenses were Hammonds' only adult felony convictions, and his adult misdemeanor offenses were nonviolent ones.

[4] Hammonds ordered the transcription of the February 24, 2004 hearing before filing his state habeas petition. When directed to do so, he provided this court with a copy of the transcript. It appears in the record as Docket Entry ("DE") 22 and includes a certificate signed by the court reporter who prepared it, stating that it is a true and correct transcript of the testimony and proceedings adduced in this case on February 24, 2004. The respondent does not challenge the authenticity of the sentencing transcript.

release to include any counseling the probation officer deems appropriate while
you're on supervised probation.

With regard to the firearm charge, I sentence you to 3 years in prison.

Mr. Hammonds, this is the low end of the guidelines. Mr. Hammonds, I know this is a bitter pill for you, but with your aggravated record, although it's misdemeanors for the most part, and I guess you could say the general disregard for the law that you have grown up with over the last six years, you commit a crime this serious–and I will remind you that three of the most serious crimes in the law are murder, rape, and robbery. This is one of them. There is a serious price to be paid.

The guidelines are exactly what they are. I have given you the very lowest end of the guidelines. I don't know what's going to happen with regard to your other case that the jury heard. If you are found guilty and sentenced with regard to those matter, perhaps the Judge will take into consideration the sentence that you have received here.[5]

(Id. 13-14.) Defense counsel asked the judge to run the two sentences concurrently with each other, but the judge stated: "I can't do that. With the firearm charge, it can't be run concurrent with any other time. . . ." (Id. 14.)

The final sentencing order of the Circuit Court for the City of Chesapeake was signed by the trial judge in this case on March 19, 2004. It stated:

> The presentence report was considered and is ordered filed as part of the record in this case in accordance with the provisions of Code § 19.2-299.
>
> Pursuant to the provisions of Code § 19.2-298.01, the Court has considered and reviewed the applicable discretionary sentencing guidelines and the guideline worksheets. The sentencing guideline worksheets and the written explanation of any departure from the guidelines are ordered filed as a part of the record in this case.

Based on the state court records and the representations of the parties, the undersigned finds that the probation officer considered the Robbery II convictions in calculating the recommended sentencing range for the Robbery I convictions under the discretionary state sentencing guidelines and that if the Robbery II convictions had not been included, that range would have been lower by at least two to four years of imprisonment. Based on the sentencing order and the transcript of the

---

[5] This comment about the pending case appears to be a misstatement by the judge concerning the status of the jury trial. At the beginning of the February 24, 2004 hearing, the prosecutor informed the judge that Hammonds had been convicted, but not yet sentenced on the pending case:

| | |
|---|---|
| THE COURT: | There are other matters that are pending for which [Hammonds] has not been sentenced." |
| [PROSECUTOR]: | Judge, he had a jury trial. there's an outstanding jury recommended sentence based on those charges. |
| THE COURT: | But that has not been resolved? |
| [PROSECUTOR]: | No, sir. |

(DE 22 at 3.)

February 24, 2004 sentencing hearing, the undersigned finds that the trial judge considered the recommended sentencing range in determining the appropriate term of incarceration to impose, particularly in deciding how much of the robbery sentence to suspend. Based on the judge's comments about Hammonds' criminal record being mostly misdemeanors, the undersigned also finds that the judge relied on the Robbery II convictions–Hammonds' only prior adult felony convictions–in determining how to sentence Hammonds for the Robbery I offenses.

### B. Conclusions of Law

#### 1. Consideration of Vacated Convictions

Under both Virginia law and federal law, a sentencing judge generally has broad discretion concerning what types of information to consider in deciding on an appropriate sentence to impose within statutory limits. "If the sentence was within the range set by the legislature [for the crime of which the defendant was convicted], an appellate court will not interfere with the judgment." Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 526 (2001) (omitting quotations) (regarding Virginia sentencing); United States v. Tucker, 404 U.S. 443, 446 (1972) (same in federal sentencing). At the same time, however, a criminal defendant maintains a constitutional right not to be "sentenced on the basis of assumptions concerning his criminal record which [are] materially untrue," referring to prior convictions that were later invalidated on constitutional grounds because the indigent defendant was not appointed counsel. Tucker, 404 U.S. at 447 (quoting Townsend v. Burke, 334 U.S. 736, 740-41 (1948) (finding due process violation where judge expressly referred during sentencing to prior conviction that had been dismissed and to prior charges on which the defendant had been found not guilty). In Tucker, the Court dealt "not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." Id. From the record, the Court found: (1) it was "evident that the sentencing judge gave specific consideration" to three prior convictions, two of which were later ruled unconstitutional because the indigent defendant was not appointed counsel, and (2) without those two convictions, the defendant's "background would have appeared in a dramatically different light" such that his sentence might also have been different. Id. at 447-48.

Accordingly, the Court affirmed the appellate court judgment remanding the case to the trial court for reconsideration of the defendant's sentence. Id. at 449.

In the years since Tucker, it has become well established that "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson v. United States, 544 U.S. 295, 303 (2005) (citing Tucker, 404 U.S. 443; Daniels v. United States, 532 U.S. 374 (2001)) (regarding federal sentencing determinations based, in part, on prior state convictions);[6] Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001) (extending Daniels to § 2254 cases); Ben-Yisrayl v. Buss, 540 F.3d 542, 545-55 (7th Cir. 2008) (recognizing in § 2254 case that Tucker and Townsend "stand for the general proposition that a criminal defendant has the due process right to be sentenced on the basis of accurate information"); Strader v. Troy, 571 F.2d 1263, 1267 (4th Cir. 1978) (regarding application of Tucker to § 2254 claim: "It would follow that, if Strader's four Virginia convictions for which he was confined were invalid and were considered and affected the imposition of his North Carolina sentence, Strader is entitled to be resentenced or released."); Green v. Johnson, Action No. 2:08cv506, 2009 WL 2225483, *6 (E.D. Va. June 29, 2009) (unpublished) (applying Tucker to require resentencing on valid convictions where defendant proved that other convictions tried in the same proceeding had been vacated on constitutional grounds). If a now-vacated conviction was clearly taken into account in the sentencing determination, whether by operation of a sentencing statute or through the discretion of the sentencing judge, due process requires reconsideration of the sentence based only on accurate information about the defendant's prior criminal history. See, e.g., Tucker, 404 U.S. at 447; Bryan v. Brandon, 228 Fed. App'x 578, 583-84 (6th Cir. 2007) (finding persistent offender

---

[6] In Daniels, the Court noted that if a defendant, through appellate or habeas proceedings, successfully challenges a prior conviction used to enhance his federal sentence, he "may then apply for reopening of his federal sentence." 532 U.S. at 382 (citing United States v. Custis, 511 U.S. 485, 497 (1994)). The issue in Daniels and many subsequent decisions was whether the defendant, in a habeas action challenging an enhanced sentence, could also challenge the validity of prior convictions on which the enhancement was based. See, e.g., Lackawanna County, 532 U.S. at 402-03. Because Hammonds raised a timely, successful challenge to the underlying felony convictions on which his Robbery I sentence was based, the validity of those convictions is no longer in question in this case.

sentence to be unconstitutional under Townsend and Tucker because it was based on prior convictions later vacated);

Under these principles, the undersigned concludes that the facts of Hammonds' case state a due process claim under Tucker. In the sentencing proceedings Hammonds challenges in this § 2254 petition, the probation officer considered the Robbery II convictions, which have since been vacated, in determining the recommended sentencing range under Virginia's discretionary guidelines. While the sentencing judge was not required to adopt the guidelines recommendation, it is clear from the record that he did. First, the sentencing order states that the court considered the guidelines computations. Second, the sentence as imposed left Hammonds nine years to serve on the robbery, plus three years on the firearms offense, for a total of twelve years of imprisonment, which was the bottom of the recommended guideline range. Third, the sentencing transcript reflects that the judge expressly stated that he was giving Hammonds "the very lowest end of the guidelines." (DE 22 at 14.) Based on this evidence, the undersigned finds that Hammonds has demonstrated the elements necessary for a claim that he was "sentenced on the basis of assumptions concerning his criminal record which [are now] materially untrue," in violation of due process.[7] Tucker, 404 U.S. at 447.

### 2. Respondent's State Law Argument

The respondent argues that Hammonds' claim raises nothing more than a disagreement with the sentencing judge's application of Virginia's sentencing guidelines and, thus, his claim is a matter

---

[7] In applying Tucker, the United States Court of Appeals for the Fourth Circuit found denial of habeas relief to be appropriate if the judge who imposed the sentence under challenge could certify under 28 U.S.C. § 2245, unequivocally, "that the sentence actually imposed was uninfluenced by the prior convictions" that have since been vacated. Strader, 571 F.2d at 1267. The Court recommended that the habeas court should afford the sentencing judge an opportunity to indicate whether or not he can so certify. Id. If the sentencing judge cannot do so, then the defendant is entitled to be resentenced without consideration of those prior convictions. Id.
   In Hammonds' case, the respondent has had two opportunities to respond to the Tucker claim and has not submitted any certification from the sentencing judge stating that the Robbery I sentencing determination was not influenced in any way by the Robbery II convictions. Moreover, the clear record evidence is that the Robbery II convictions, as part of the guidelines calculation and as part of the criminal record presented to the judge, were considered in determining the Robbery I sentence. Accordingly, the undersigned finds no justification for further delaying disposition of this case to obtain any additional materials from the respondent.

of state law, not cognizable under § 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Under Virginia law, the sentencing guidelines are discretionary, and violations of any aspect of the guidelines procedures are not "reviewable on appeal or the basis of any other post-conviction relief." Va. Code Ann. § 19.2-298.01. The respondent also points out that "[t]he sentencing guidelines are not binding on the trial court. They are merely a tool intended to assist the court in fixing an appropriate sentence." Jett, 34 Va. App. at 256, 540 S.E.2d at 526 (omitting internal citations).

In this case, however, Hammonds does not argue that the sentencing judge misapplied the sentencing guidelines, that the probation officer's calculation of the sentencing range was inaccurate based on the information available at the time of sentencing, or that the judge unfairly failed to consider the guideline range. Such claims would arise under state law and, as such, would not be cognizable under § 2254. Hammonds' argument, on the other hand, asserts that in exercising his sentencing discretion, the judge relied on the guideline range and on the Robbery II convictions themselves–information that is now a material misrepresentation of Hammonds' prior criminal record. As stated, these allegations state a claim under Tucker that Hammond was sentenced on the basis of inaccurate information about his past convictions, in violation of due process. This claim asserts a federal due process violation that is cognizable under § 2254. Thus, the respondent's argument that the claim must be dismissed as arising only under state law is without merit.

### 3. Respondent's Default Argument

The respondent argues that because Hammonds did not present the sentencing transcript as an attachment to his state habeas petition to the Supreme Court of Virginia, consideration of the transcript in this proceeding is procedurally barred from federal habeas review.[8] Because the

---

[8] The Respondent cites two cases in support of this assertion, neither of which is on point. See Burket v. Angelone, 208 F.3d 172, 181, 185-86 (4th Cir. 2000) (finding that federal habeas court could not consider an unexecuted affidavit and an affidavit based on hearsay because the Supreme Court of Virginia's finding that these documents were inadmissible in state habeas proceedings was not "so extreme as to result in a denial of a constitutionally fair proceeding"); Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996)

transcript was not yet a part of the record when Judge Conrad considered the motion to dismiss, he made no express ruling on this argument. The undersigned finds no merit to this default argument.

When the petitioner has presented his habeas claim to the state court, and the state court has expressly relied on an independent and adequate state procedural ground in dismissing a constitutional claim, federal habeas review of the claim is also barred, absent a showing of cause and prejudice or actual innocence. See Harris v. Reed, 489 U.S. 255, 262 (1989). Hammonds presented his Tucker claim to the Supreme Court of Virginia in his state habeas petition, quoting from the sentencing transcript in his brief in support. The state court summarily dismissed the petition itself as untimely filed and successive, pursuant to Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2), respectively. The Court did not make an alternative finding as to the merits of Hammonds' underlying claim and so did not determine whether or not the quote to the transcript in the brief was insufficient support for the claim. In so doing, the Court complied with § 8.01-654(A)(2), which does not include any provision for consideration of habeas claims based on facts discovered, with due diligence, outside the two-year filing period set by the statute. See Hines v. Kuplinski, 267 Va. 1, 2, 591 S.E.2d 692, 693 (Va. 2004). Thus, even if Hammonds had submitted the transcript in support of his Tucker claim, the Supreme Court of Virginia would have considered the claim barred from review on the merits under § 8.01-654(B)(2).

Moreover, Hammonds' showing of cause and prejudice for his failure to present the Tucker claim itself within the filing period defined in § 8.01-654(A)(2) should also excuse any default related to the sentencing transcript as evidence in support of that claim. If a § 2254 petition presents a claim that the petitioner has never presented to a state court, but it is clear that a state procedural rule, such as § 8.01-654(A)(2), would now bar state review, the claim is also barred from federal habeas review, absent a showing of cause and prejudice or actual innocence. Teague v. Lane, 489

---

(citing past precedent for proposition that an allegation of inadequate investigation of a witness does not warrant habeas relief "absent a proffer of what favorable evidence or testimony would have been produced," but denying habeas relief based on finding that counsel made a reasonable strategic decision not to investigate certain witnesses). Unlike the petitioners in Burket and Beaver, Hammonds did present substantial evidence in support of his Tucker claim to the Supreme Court of Virginia, including quotations from the sentencing transcript; but because the Court summarily dismissed the petition on procedural grounds, the Court did not reach the merits.

U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Thus, if Hammonds had not filed a state habeas version of his Tucker claim, but had first presented it in his § 2254 petition, his claim and all supporting evidence, including the sentencing transcript, would be procedurally barred under the Teague principle. As Judge Conrad found in addressing the motion to dismiss, however, Hammonds has shown cause for not presenting his claim to the state court within the time limits set forth under § 8.01-654(A)(2) and resulting prejudice, which opens the gateway for consideration of his Tucker claim on the merits.[9] To bar federal review of the transcript offered in support of that claim would unfairly penalize Hammonds for submitting the claim itself to the Supreme Court of Virginia. The undersigned therefore concludes that the showing of cause and prejudice Hammonds offers allows this court to consider his Tucker claim as supported by the sentencing transcript.

### III. Recommended Disposition

Based on the stated findings of fact and conclusions of law, it is hereby **RECOMMENDED** that Hammonds' petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be GRANTED under Tucker, 404 U.S. at 447, to the extent that the court shall VACATE Hammonds' sentence on the Robbery I convictions and ORDER the Circuit Court for the City of Chesapeake to resentence Hammonds on these convictions, as prescribed by Virginia law, based on accurate information about his prior criminal record. It is further **RECOMMENDED** that the court shall ORDER that Hammonds remain in custody of the Virginia Department of Corrections until his resentencing which shall occur within 120 days of this court's final judgment order.

The Clerk is directed to transmit the record in this case to Honorable Glen E. Conrad, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any

---

[9] Under that section, Hammonds had, at the most, two years from the date of the Circuit Court's final judgment in the Robbery II case–until December 21, 2006–in which to file a state habeas petition considered timely under § 8.01-654(A)(2). Although Hammonds acted with due diligence to challenge the Robbery II convictions, the factual basis of his Tucker claim regarding the Robbery I sentence was not available to him until September 25, 2008, when the Supreme Court of Virginia decided that the Robbery II convictions, vacated by the Circuit Court, would not be reinstated. As this fact necessary to his claim developed only after expiration of the time limit under § 8.01-654(A)(2) and renders his Robbery I sentence a violation of due process under Tucker, Hammonds has shown cause for his default of the claim and resulting, actual prejudice. Coleman v. Thompson, 501 U.S. at 750; Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001), aff'd, 535 U.S. 162 (2002).

objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk of the Court is directed to send copies of this report and recommendation to plaintiff.

      Entered: April 29, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge